■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL HARVEY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered August 16, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the proof of identification was legally insufficient to establish his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the undercover officer's identification testimony was legally sufficient to support the verdict. The officer had ample opportunity to observe the defendant during the drug transaction *(see, People v Sutton,* 161 AD2d 612; *People v Watson,* 111 AD2d 419). Furthermore, the minor discrepancies in the testimony of the People's witnesses do not render their testimony incredible as a matter of law *(see, People v Gruttola,* 43 NY2d 116; *People v Reyes,* 118 AD2d 666).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Bleakley,* 69 NY2d 490, 495; *People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Mangano, P. J., Kooper, Rosenblatt and O'Brien, JJ., concur.