■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSVALDO GONZALEZ, Appellant. [638 NYS2d 440] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J., at hearing; Harold Beeler, J., at plea and sentence), rendered June 8, 1994, convicting defendant, upon his plea of guilty, of two counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent prison terms of one year, unanimously affirmed.

We reject defendant's contention that the officers' testimony at the suppression hearing was incredible or patently tailored to overcome constitutional objections (*cf., People v Garafolo*, 44 AD2d 86; *see, People v Grajales*, 187 AD2d 631, *lv denied* 81 NY2d 789). Notwithstanding some minor inconsistencies in the officers' testimony, there was nothing inherently incredible in their version of the incident (*People v Vaneiken*, 166 AD2d 308). Indeed, the record discloses the officers' conduct was proper throughout the encounter. The stop of defendant's vehicle was justified by the traffic infraction (*People v Robinson*, 74 NY2d 773, 775-776, *cert denied* 493 US 966) and the seriously damaged condition of the vehicle, which was emitting smoke and liquids. Thereafter, based upon the officer's observations of defendant's gesture at his waist area and then of the gun-like bulge in that area of defendant's clothing, the officer had more than sufficient predicate to frisk defendant. As the frisk revealed a loaded semi-automatic pistol, the officer had probable cause to arrest him. We have considered defendant's other contentions and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Nardelli and Williams, JJ.