■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MARRERO, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAFAEL MARRERO, Respondent. [647 NYS2d 211] —Judgment, Supreme Court, New York County (Angela Mazzarelli, J., at hearing; Alfred Donati, J., at plea and sentence), rendered on or about April 29, 1994, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him to a prison term of 6 months and 5 years probation, unanimously affirmed. Appeal by the People from an order of the same court and Justice entered on or about July 1, 1994, which granted defendant's motion to controvert the constitutionality of his predicate conviction and declaring defendant to be a first felony offender, unanimously dismissed, as untimely taken.

The validity of the stop and the frisk of the codefendant was determined in the codefendant's appeal (People v Gonzalez, 224 AD2d 322), and we find no reason to reconsider those issues. Since the police were entitled to direct defendant to exit the car (People v Robinson, 74 NY2d 773, cert denied 493 US 966), we reject the claim that he had been arrested, solely on the basis of traffic infractions committed by the codefendant, prior to discovery of the gun in his waistband. Ample justification

for the police pat down of defendant was provided by the report of a car having left the scene of an accident earlier in the day, the damaged condition of the vehicle, including a cracked windshield, the codefendant's failure to produce a license or insurance card, defendant's bleeding from the head, and the recovery of a gun from the codefendant (see, *People v Pagan*, 203 AD2d 158, *lv denied* 83 NY2d 970; *People v Chin*, 192 AD2d 413, *lv denied* 81 NY2d 1071).

The People's appeal, which, notwithstanding the People's notice of appeal, is, in reality, an appeal from the sentence itself, is dismissed as untimely (*People v Coaye*, 68 NY2d 857). Concur—Sullivan, J. P., Rosenberger, Kupferman and Tom, JJ.