■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MITCHELL BLYDEN, Appellant. [658 NYS2d 22] —Judgment, Supreme Court, New York County (Bernard Fried, J., at suppression hearing; Bruce Allen, J., at jury trial and sentence), rendered November 5, 1992, convicting defendant of attempted murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to concurrent terms of 12 years to life, 8 years to life, and 6 years to life, respectively, and order, same court (Bruce Allen, J.), entered on or about December 21, 1995, denying defendant's motion to vacate the same judgment, unanimously affirmed.

The suppression court properly denied defendant's motions to suppress physical evidence, statements and identification, upon a finding that the police acted lawfully in approaching, stopping and arresting defendant. Police observation of defendant and two others running at full speed and glancing over their shoulders, at 10:00 P.M. in a robbery and drug prone location, provided an articulable basis to approach and request information (*People v De Bour*, 40 NY2d 210, 222-223). As found by the suppression court, the police merely pulled their patrol car over to the truck that the men entered. The simultaneous flight on foot of defendant and his companions, who left one of the truck's doors open, combined with the defendant's act of raising his hands, prior to any further intrusion (*see*, *People v Bora*, 83 NY2d 531), in response to the word "police", which revealed that he clutched money in one hand, as well as defendant's spontaneous statement, "I didn't do it", led the police to a reasonable suspicion that they had interrupted a robbery, and justified the forcible stop and detention of defendant (*People v Martinez*, 80 NY2d 444). The discovery of a gun in plain view on the rear floor of the truck where defendant had been sitting provided probable cause for defendant's arrest.

The trial court appropriately exercised its discretion in fashioning a meaningful response to the jury's request for readback of testimony regarding defendant's handling of the gun in question (*People v Almodovar*, 62 NY2d 126, 131). There is no support in the record for defendant's claim that his direct testimony regarding a possible opportunity to observe whether his companion carried a gun was in any way either impeached on cross-examination or rehabilitated on direct examination. Thus, there is no showing that the trial court's failure to include within the requested readback defendant's redirect testimony on the issue of observation " 'seriously prejudice[d]' " defendant (*People v Agosto*, 73 NY2d 963, 966).

Defendant's motion to vacate the judgment was properly denied. The record supports the motion court's finding that the subject evidence, generated by an individual whose statements were inherently "differing", would not have created a reasonable doubt regarding defendant's guilt, whether the jury determined that defendant was the actual shooter or an accomplice of the shooter, both of which theories were presented for the jury's consideration. Thus, trial counsel's error in not pursuing the potential witness did not constitute a denial of defendant's right to a fair trial due to less than meaningful representation (*People v Hobot*, 84 NY2d 1021). Concur—Murphy, P. J., Sullivan, Nardelli and Tom, JJ.