■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN JORDAN, Appellant. [661 NYS2d 228] Judgment, Supreme Court, New York County (Daniel FitzGerald, J., at first suppression hearing; Richard Carruthers, J., at second suppression hearing and jury trial), rendered April 11, 1994, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 1 to 3 years, unanimously affirmed.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620), it was legally sufficient to establish beyond a reasonable doubt that defendant acted with his codefendants in furtherance of the sale (*see, People v Hill*, 198 AD2d 100; *People v Williams*, 172 AD2d 448, *affd* 79 NY2d 803). Upon our independent review of the facts, we find that the verdict was not against the weight of the evidence.

Defendant's contention that the identification evidence was suggestive has not been preserved for appellate review (CPL 470.05 [2]; *People v McDonald*, 186 AD2d 11), and we decline to review it in the interest of justice. Were we to review it, we would find that the confirmatory identifications by the trained undercover narcotics officer, which occurred at a place and time sufficiently connected and contemporaneous to the arrest, constituted the proper completion of an integral police procedure (*People v Wharton*, 74 NY2d 921). Although defendant further challenges the credibility of the police officers who testified at the hearings, since he failed to establish that the challenged testimony was manifestly untrue, physically impossible, contrary to common experience or self-contradictory, we decline to disturb the court's conclusion that the testimony was credible (*People v Whitehead*, 235 AD2d 253). Concur—Rosenberger, J. P., Wallach, Nardelli, Rubin and Colabella, JJ.