■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR HOPKINS, Appellant. [665 NYS2d 327] —Appeal by the defendant from a judgment of the Supreme Court, Queens

County (Fisher, J.), rendered December 6, 1995, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant's contentions that the police officer's testimony at the suppression hearing was incredible as a matter of law, and that the evidence adduced at the trial was legally insufficient, are unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245, 250). In any event, it is well settled that the determination of the suppression court, with its advantages of having seen and heard the witness, must be accorded great weight, and its determination should not be disturbed if supported by the record (see, People v Prochilo, 41 NY2d 759, 761; People v Gardner, 220 AD2d 613). The testimony at the hearing was not so flawed that findings regarding the police officer's credibility must be overridden (see, People v Rivera, 68 NY2d 786).

Furthermore, although there were some inconsistencies between the police officer's hearing testimony and his trial testimony, minor discrepancies in testimony do not render the testimony incredible (see, People v Harvey, 175 AD2d 138; People v Reyes, 118 AD2d 666; People v Di Girolamo, 108 AD2d 755). Accordingly, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80).

The defendant's remaining contention is without merit. Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.