■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN L. RUFFIN, Appellant. [696 NYS2d 686] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered December 11, 1996, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and sentencing him to an indeterminate term of $12\frac{1}{2}$ to 25 years imprisonment for the conviction of manslaughter in the first degree and an indeterminate term of $7\frac{1}{2}$ to 15 years imprisonment for the conviction of criminal possession of a weapon in the second degree, to run consecutively.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by deleting the provision thereof providing that the terms of imprisonment imposed shall run consecutively to each other and substituting therefor a provision providing that the terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

Initially, it is noted that the defendant's contention that he was not identified as the shooter beyond a reasonable doubt

was not preserved for appellate review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*People v Alexander,* 176 AD2d 947; *People v Harvey,* 175 AD2d 138). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was excessive to the extent indicated herein.

The defendant's remaining contention is without merit. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.