The People of the State of New York, Respondent, v Jimmy Donaldson, Appellant. [826 NYS2d 540]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered May 10, 2005. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, resisting arrest, criminal possession of stolen property in the fourth degree, unauthorized use of a vehicle in the third degree, unlawful possession of marihuana and aggravated unlicensed operation of a motor vehicle in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, assault in the second degree (Penal Law § 120.05 [3]) and criminal possession of stolen property in the fourth degree (§ 165.45 [5]). Contrary to the contention of defendant, Supreme Court properly refused to suppress the evidence seized by the police after they stopped the stolen vehicle in which he was riding. The record does not support defendant's contention that the court should have suppressed the evidence because the stop of the vehicle was a pretext to investigate a possible drug transaction. The arresting officer testified at the suppression hearing that he observed the

vehicle exceed the speed limit by 10 to 15 miles per hour and, "where a police officer has probable cause to detain a person temporarily for a traffic violation, that seizure does not violate the Fourth Amendment to the United States Constitution even though the underlying reason for the stop might have been to investigate some other matter" (*People v Robinson*, 97 NY2d 341, 348 [2001]; *see Whren v United States*, 517 US 806 [1996]). Contrary to defendant's further contention, the testimony of the arresting officer at the suppression hearing was not incredible as a matter of law (*see generally People v Hopkins*, 244 AD2d 357, 358 [1997], *lv denied* 91 NY2d 874 [1997]; *People v Jordan*, 242 AD2d 254, 255 [1997], *lv denied* 91 NY2d 875 [1997]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.