■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERT F. BRAND, Appellant. [902 NYS2d 761]—

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered December 5, 2007. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]) and aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3]), defendant contends that County Court erred in refusing to suppress physical evidence and his statements to the police. We reject that contention, although our reasoning differs from that of the court.

We agree with defendant that the court erred in concluding that the police officer who forcibly detained him was justified in doing so because the officer had a reasonable suspicion to believe

that defendant committed the offense of leaving the scene of a motor vehicle accident involving property damage, a traffic infraction (*see* Vehicle and Traffic Law § 600 [1]). Contrary to the further contention of defendant, however, we conclude that the officer did not violate his constitutional rights by forcibly detaining him. "Where a police officer entertains a reasonable suspicion that a particular person has committed, is committing or is about to commit a felony or misdemeanor, . . . CPL [140.50 (1)] authorizes a forcible stop and detention of that person" (*People v De Bour*, 40 NY2d 210, 223 [1976]; *see People v Moore*, 6 NY3d 496, 498-499 [2006]). Here, based on the information known to the officer when he initially detained defendant, we conclude that he had a reasonable suspicion to believe that defendant had committed the crime of driving while intoxicated, which is either a misdemeanor or a felony depending on the prior record of the defendant (*see* Vehicle and Traffic Law § 1193 [1]).

The further contention of defendant that his statements to the police were not sufficiently corroborated at trial is without merit (*see People v Booden*, 69 NY2d 185, 187-188 [1987]; *see generally* CPL 60.50; *People v Chico*, 90 NY2d 585, 589-590 [1997]; *People v Daniels*, 37 NY2d 624, 629 [1975]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

The sentence is not unduly harsh or severe. We have considered defendant's remaining contention and conclude that it is without merit. Present—Martoche, J.P., Smith, Centra, Sconiers and Pine, JJ.