Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt on the charge of burglary in the first degree beyond a reasonable doubt (see Penal Law § 140.30 [2]; cf. People v Chiddick, 8 NY3d 445 *726 [2007]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]; People v Romero, 7 NY3d 633 [2006]). Contrary to the defendant’s contention, the evidence presented at trial was sufficient to establish that the complainant sustained a “physical injury” within the meaning of Penal Law § 10.00 (9) (see People v Sloan, 202 AD2d 525 [1994]; cf. People v Phillips, 68 AD3d 1137 [2009]).
The defendant’s contention that the Supreme Court erred by allowing the introduction of evidence of prior uncharged crimes or bad acts (see generally People v Ventimiglia, 52 NY2d 350 [1981]; People v Molineux, 168 NY 264 [1901]) is unpreserved for appellate review (see CPL 470.05 [2]). In any event, any error was harmless, as there was overwhelming evidence of the defendant’s guilt, and no significant probability that the error affected the verdict (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).
The hearing court properly denied suppression of the physical evidence recovered from the vehicle in which he was a passenger, as well as his statements to law enforcement officials. “The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record” (People v Martinez, 58 AD3d 870, 870-871 [2009]; see People v Prochilo, 41 NY2d 759, 761 [1977]). Contrary to the defendant’s contention, there is no basis in the record to disturb the hearing court’s credibility determinations.
There is no merit to the defendant’s remaining contention. Eng, PJ., Dillon, Dickerson and Leventhal, JJ., concur.