■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED RICHARDSON, Appellant. [987 NYS2d 224]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 2, 2007, convicting him of murder in the second degree, manslaughter in the first degree, robbery in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Adler, J.), of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his statement to law enforcement officials should have been suppressed because it was taken in violation of his right to counsel. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *People v Louis*, 99 AD3d 725, 726 [2012]). Here, the hearing court credited the testimony of the police witnesses that the defendant was advised of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), and that the defendant knowingly, voluntarily, and intelligently waived those rights, including the right to counsel, and there is no basis in the record to disturb the hearing court's credibility determinations (*see People v Louis*, 99 AD3d at 726). Moreover, when the defendant gave his statement, he was in custody in connection with the instant matter, which was unrelated to charges pending in connection with another matter with respect to which he was represented. Therefore, the defendant could validly waive his right to counsel (*see People v Lopez*, 16 NY3d 375, 384 [2011]; *People v Bing*, 76 NY2d 331 [1990]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Moreover, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

There is no merit to the defendant's contentions, raised in point II of his main brief, that he was deprived of a fair hearing and trial, due process, and the right to present a defense by the County Court's limitation of his cross-examination of certain prosecution witnesses.

The defendant's remaining contentions, including the contentions raised in his pro se supplemental brief, are unpreserved for appellate review, and we decline to reach them in the exercise of our interest of justice jurisdiction. Skelos, J.P., Dillon, Roman and Maltese, JJ., concur.