■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO BLAKE, Appellant. [996 NYS2d 725]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Riviezzo, J.), rendered August 23, 2011, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Parker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court did not err in denying that branch of the defendant's omnibus motion which was to suppress a gun found in the defendant's vehicle. The police officers possessed an articulable basis for requesting information from the defendant, as the subject vehicle was double-parked and playing loud music (*see People v Ocasio*, 85 NY2d 982, 985 [1995]; *People v Thomas*, 19 AD3d 32 [2005]). Once the officers saw the gun in plain view in the vehicle, they had probable cause to arrest the defendant (*see People v Mills*, 93 AD3d 1198 [2012]; *People v Grady*, 272 AD2d 952 [2000]; *People v Blyden*, 239 AD2d 301 [1997]).

The hearing court's credibility determinations are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Marcelle*, 120 AD3d 833 [2014]; *People v Taylor*, 120 AD3d 519, 520 [2014]; *People v Richardson*, 118 AD3d 821 [2014]). There is no basis in the record to disturb the court's determination that the officers' testimony was credible. Contrary to the defendant's contention, the police officers' testimony was not incredible as a matter of law, as it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory (*see Matter of Sherrod H.*, 116 AD3d 954 [2014]; *People v Lynch*, 63 AD3d 959, 961

[2009]; *People v James*, 19 AD3d 617 [2005]). Nor did any inconsistencies establish that the officers' testimony was tailored to nullify constitutional objections (*see People v Gonzalez*, 224 AD2d 322 [1996]; *People v Thomas*, 175 AD2d 852 [1991]). Moreover, any inconsistencies in the officers' testimony were minor and did not render their testimony incredible or unreliable (*see People v Parris*, 70 AD3d 725, 726 [2010]; *People v Hopkins*, 244 AD2d 357 [1997]).

The defendant's contention that certain comments made by the prosecutor during her summation were improper is without merit. The challenged comments were fair comment upon the evidence, responsive to arguments and theories raised in the defense summation, and remained within the broad bounds of rhetorical comment permissible in closing argument (*see People v Wiley*, 119 AD3d 821 [2014]; *People v Jean*, 118 AD3d 1024 [2014]; *People v Burgos*, 97 AD3d 689 [2012]). Mastro, J.P., Roman, Miller and Maltese, JJ., concur.