■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERREL MITCHELL, Appellant. [999 NYS2d 461]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered May 26, 2010, convicting him of promoting prostitution in the second degree (two counts), promoting prostitution in the third degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Kohm, J.), after a hearing (O'Dwyer, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the rec-

ord" (*People v Hobson*, 111 AD3d 958, 959 [2013]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Here, the record supports the Supreme Court's determination to credit the testimony of a police detective who testified at the suppression hearing. Contrary to the defendant's contention, the detective's testimony was not incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief (*see People v Hobson*, 111 AD3d at 959; *People v McClendon*, 92 AD3d 959, 960 [2012]; *People v Hardie*, 64 AD3d 666 [2009]). Accordingly, the court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities. Dillon, J.P., Dickerson, Leventhal and Hall, JJ., concur.