■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH PLEASANT, Appellant. [46 NYS3d 643]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered October 21, 2014, convicting him of robbery in the first degree (four counts), grand larceny in the fourth degree (two counts), petit larceny (two counts), criminal possession of stolen property in the fifth degree, resisting arrest, reckless endangerment in the second degree, speeding, reckless driving, and unlawful fleeing of a police officer in a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree and other crimes upon, among other evidence, eyewitness testimony establishing that he and two other individuals robbed the owner of a car wash at gunpoint. The defendant was apprehended after leading the police on a high-speed car chase and subsequent chase on foot. The guns used during the robbery and some of the proceeds of the crime were found on the defendant's person and in the car in which the defendant and his two cohorts had fled.

In his omnibus motion, the defendant sought, inter alia, to suppress the guns recovered from the getaway car. After a hearing, the County Court denied suppression. Upon conviction after trial, the defendant moved to set aside the verdict pursuant to CPL 330.30 (3) on the ground of newly discovered evidence, namely that the prosecution committed a *Brady* viola-

tion (*see Brady v Maryland*, 373 US 83 [1963]) by failing to disclose that, pursuant to a joint investigation by the Yonkers Police Department's Internal Affairs Division and the Westchester County District Attorney's Office, it was discovered that Detective Christian Koch, who testified at the suppression hearing, made material, false statements in a search warrant affidavit in an unrelated case. The County Court denied the motion, finding, inter alia, that the defendant failed to establish that a *Brady* violation had occurred.

To establish a *Brady* violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material (*see Strickler v Greene*, 527 US 263, 281-282 [1999]). While it is undisputed that the purported *Brady* material was favorable to the defendant for the purpose of impeaching Detective Koch's testimony (*see People v Garrett*, 23 NY3d 878, 886 [2014]), the defendant failed to show that the People suppressed the purported *Brady* material. Although the People are charged with knowledge of exculpatory information in the possession of the local police, notwithstanding the trial prosecutor's own lack of knowledge (*see People v Santorelli*, 95 NY2d 412, 421 [2000]; *People v Wright*, 86 NY2d 591, 598 [1995]), " '[a] police officer's secret knowledge of his own prior illegal conduct in [an] unrelated case . . . will not be imputed to the prosecution for *Brady* purposes where the People had no knowledge of the corrupt officer's "bad acts" until after . . . trial' " (*People v Garrett*, 23 NY3d at 887-888, quoting *People v Johnson*, 226 AD2d 828, 829 [1996]; *see People v Vasquez*, 214 AD2d 93, 95 [1995]; *see e.g. People v Kinney*, 107 AD3d 563, 564 [2013]; *People v Longtin*, 245 AD2d 807, 810 [1997], *affd* 92 NY2d 640 [1998]). Here, the People did not discover Detective Koch's false statements until after the trial had ended.

Accordingly, the County Court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3).

The defendant also contends that the County Court erred in denying that branch of his omnibus motion which was to suppress physical evidence. He argues that the suppression hearing testimony of Detective Koch, that he saw in plain view a hand-held machine gun on the backseat of the vehicle that the defendant had been driving, was tailored to nullify constitutional objections. Initially, the defendant's contention is unpreserved for appellate review, as he never raised this

specific contention at the suppression hearing (*see* CPL 470.05 [2]; *People v Taylor*, 120 AD3d 519 [2014]). In any event, it is without merit. " 'The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (*People v Kelly*, 131 AD3d 484, 485 [2015], quoting *People v Hobson*, 111 AD3d 958, 959 [2013]). Here, there is no support for the defendant's contention that Detective Koch's hearing testimony was incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*see generally People v Dunbar*, 104 AD3d 198 [2013]). Detective Koch's testimony concerning his observation of the machine gun in plain view was corroborated by Captain Peter Butler, who testified to having seen the machine gun in plain view a short time after Detective Koch's observation, and by photographs of the machine gun on the backseat of the vehicle.

The defendant's remaining contention is without merit. Chambers, J.P., Roman, Miller and Barros, JJ., concur.