The People of the State of New York, Respondent,
against
Luis Nunez, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Linda Poust-Lopez, J.), rendered March 7, 2014, convicting him, upon his plea of guilty, of attempted unlawful sale, possession or use of an imitation pistol (Administrative Code of City of NY 10-131[g][1]), and imposing sentence.




Per Curiam.
Judgment of conviction (Linda Poust-Lopez, J.), rendered March 7, 2014, affirmed. 
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Martin, 112 AD3d 453, 454 [2013]). Contrary to defendant's contention, the respective testimony of the police officers was not incredible as a matter of law, as it was not manifestly untrue, physically impossible, contrary to experience or self-contradictory (see People v Barnes, 129 AD3d 981, 982 [2015]). Nor did any inconsistencies establish that the testimony was tailored to nullify constitutional objections (see People v Blake, 123 AD3d 838, 839 [2014], lv denied 25 NY3d 1198 [2015]).
The evidence showed that when police officers responded to a radio run involving a "threat with a firearm" at a residential apartment, they were informed that a woman inside the apartment had been threatened with a gun by a "Hispanic male" wearing "blue jeans" and a "black jacket." After exiting the apartment building, the officers immediately observed defendant, who fit the description. Upon seeing the officers, defendant, who was holding a "bundled" black jacket and appeared "nervous," threw the jacket in the trunk of a car and slammed shut the lid of the trunk. This, at a minimum, provided the officers with a founded suspicion of criminal activity and the right to exercise the common-law right of inquiry (see People v De Bour, 40 NY2d 210, 223 [1976]). In response to the inquiry, defendant stated that he had just left the subject location where he had been involved in a "verbal dispute." In our view, this constituted sufficient record support for the finding that the police had a founded [*2]suspicion that criminality was afoot, justifying a common-law inquiry in the form of a request for defendant to consent to a search of the car's trunk (see People v Battaglia, 86 NY2d 755, 756 [1995]; People v Mercado, 120 AD3d 441, 442-443 [2014], affd 25 NY3d 936 [2015]). The request was reasonably related in scope to the circumstances that justified the interference in the first place (see People v William II, 98 NY2d 93, 98 [2002]).
We also find that the People satisfied their heavy burden of proving the voluntariness of defendant's consent to the search (see generally People v Gonzalez, 39 NY2d 122, 128 [1976]). The officers present did not draw their guns or handcuff defendant, nor did they threaten defendant with arrest or actually arrest him before obtaining his consent. Although defendant appeared to be "very nervous," he was cooperative and offered no resistance to any of the actions taken by the police before he gave his consent (see People v Mercado, 120 AD3d at 444). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur 
Decision Date: March 31, 2017