Appeal from an order of disposition of the Family Court, Kings County (Alan Beckoff, J.), dated March 4, 2016. The order of disposition, insofar as appealed from, adjudicated Cromwell S. a juvenile delinquent. The appeal brings up for review a fact-finding order of that court dated November 16, 2015, which, after a hearing, found that Cromwell S. committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, and unlawful possession of a weapon by a person under the age of 16 (two counts), and the denial, after a hearing, of that branch of Cromwell S.’s omnibus motion which was to suppress physical evidence.
 

 Ordered that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
 

 The Family Court properly denied that branch of the appellant’s omnibus motion which was to suppress physical evidence. The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Golden, 149 AD3d 777 [2017]; People v Pleasant, 146 AD3d 985, 987 [2017]; People v James, 19 AD3d 617, 618 [2005]). Contrary to the appellant’s contention, the police officers’ testimony that they saw the handle of a black gun sticking out of the pocket of his white jacket does not appear to have been tailored to nullify constitutional objections (see People v Johnson, 46 AD3d 838, 839 [2007]; People v James, 19 AD3d at 618; People v Grajales, 187 AD2d 631, 632 [1992]). Furthermore, the officers’ testimony was not incredible as a matter of law, as it was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory (see People v Pleasant, 146 AD3d at 987; People v Kelly, 131 AD3d 484, 485-486 [2015]; People v Barnes, 129 AD3d 981, 982 [2015]; People v Blake, 123 AD3d 838, 839 [2014]). Any inconsistencies in the officers’ testimony were minor, and did not render their testimony incredible or unreliable (see People v Blake, 123 AD3d at 839).
 

 Viewing the evidence in the light most favorable to the presentment agency (see Matter of David H., 69 NY2d 792, 793 [1987]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crimes of criminal possession of a weapon in the second degree, criminal possession of a firearm, and unlawful possession of a weapon by a person under the age of 16. Moreover, upon our independent review of the record, we are satisfied that the Family Court’s fact-finding determination was not against the weight of the evidence (see Matter of Dzahiah W., 152 AD3d 612 [2017]; Matter of Jarett W., 137 AD3d 1154, 1155 [2016]).
 

 The appellant’s remaining contentions are without merit.
 

 Eng, P.J., Roman, Miller and Christopher, JJ., concur.