People v Anselmo (2018 NY Slip Op 06251)





People v Anselmo


2018 NY Slip Op 06251


Decided on September 26, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-11177
 (Ind. No. 2905/13)

[*1]The People of the State of New York, respondent,
v
Alex Anselmo, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John G. Ingram J.), rendered October 1, 2015, convicting him of kidnapping in the first degree, burglary in the first degree, rape in the first degree (three counts), rape in the third degree, criminal sexual act in the first degree (five counts), attempted assault in the first degree, assault in the second degree (two counts), criminal possession of a weapon in the third degree, and aggravated criminal contempt, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that he was deprived of a fair trial because the prosecutor improperly elicited evidence that the defendant assaulted the complainant in 2005, a prior bad act that was not the subject of the prosecutor's Molineux application (see People v Molineux, 168 NY 264), is unpreserved for appellate review (see CPL 470.05[2]). After defense counsel objected, the Supreme Court instructed the jury that it should disregard the statement. Defense counsel sought no further instruction and did not move for a mistrial. Thus, the court's curative instruction "must be deemed to have corrected [any] error to the defendant's satisfaction" (People v Heide, 84 NY2d 943, 944; see People v Seabrooks, 82 AD3d 1130, 1131-1132).
The defendant correctly contends that the prosecutor overstepped the Supreme Court's Molineux ruling by eliciting the underlying facts of an incident that occurred on May 31, 2012. The court's ruling permitted the prosecutor to elicit that there was an incident on May 31, 2012, and that, as a result of that incident, an order of protection was issued in favor of the complainant. However, any error occasioned by the admission of the underlying facts was harmless because there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Paige, 134 AD3d 1048, 1056-1057; People v Louis, 99 AD3d 725; People v Helenese, 75 AD3d 653).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., CHAMBERS, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court