People v Parker (2021 NY Slip Op 04767)





People v Parker


2021 NY Slip Op 04767


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-09226
 (Ind. No. 10130/18)

[*1]The People of the State of New York, respondent,
v
Quahsym S. Parker, appellant.


Quahsym S. Parker, Dannemora, NY, appellant pro se.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered June 28, 2019, convicting him of criminal possession of a weapon in the second degree, operating a motor vehicle while under the influence of alcohol, and unlawful possession of marihuana, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The County Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and statements he made to law enforcement officials. The credible evidence at the hearing established that the police officers who arrested the defendant were responding to a call to the 911 emergency number indicating that a vehicle, with a potentially intoxicated driver, had crashed into a wall in the subject area. When the officers arrived at the scene they observed the defendant standing outside a parked vehicle near a wall in a gas station lot. Under these circumstances, the officers had an articulable basis for approaching the defendant and requesting information (see People v Harrison, 57 NY2d 470, 475; People v Blake, 123 AD3d 838; People v Boler, 106 AD3d 1119, 1122). Upon observing damage to the defendant's vehicle, the defendant's difficulty in providing his home address, as well as the defendant's red eyes, slurred speech, and anxious behavior, the officers had a reasonable suspicion that he was driving while intoxicated and were authorized to detain him for questioning (see People v De Bour, 40 NY2d 210, 223; People v Spradlin, 188 AD3d 1454, 1459; People v Brand, 74 AD3d 1790, 1791). Further, the officers had a reasonable basis for performing a pat down search of the defendant's waistband and removing the firearm found therein based upon the defendant's behavior, which included sticking his hands down his waistband multiple times despite warnings not to and his uncooperative behavior (see People v DeBour, 40 NY2d at 223; People v Grant, 83 AD3d 862, 863; People v Minaya, 245 AD2d 238, 239).
The defendant's contention that his attorney rendered ineffective assistance of counsel cannot be reviewed on direct appeal because it is based, in part, on matter outside the record, and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; [*2]see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court