People v Bell (2021 NY Slip Op 05422)





People v Bell


2021 NY Slip Op 05422


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


749 KA 15-01933

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL L. BELL, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered September 15, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court erred in refusing to preclude identification testimony from an eyewitness to the crime. At a hearing, the People established that the witness had known defendant for at least nine months prior to the incident, and thus they established that the identification procedure was " 'merely confirmatory' " (People v Rodriguez, 79 NY2d 445, 452 [1992]; see People v Carter, 107 AD3d 1570, 1572 [4th Dept 2013], lv denied 23 NY3d 1019 [2014]). We decline to disturb the court's credibility determinations with respect to the testimony at the hearing (see generally People v Donaldson, 35 AD3d 1242, 1243 [4th Dept 2006], lv denied 8 NY3d 984 [2007]; People v Jordan, 242 AD2d 254, 255 [1st Dept 1997], lv denied 91 NY2d 875 [1997]).
The court did not abuse its discretion in denying defendant's request for a missing witness charge. Defendant failed to establish that the witness at issue could "be expected to testify favorably to the [People]" (People v Gonzalez, 68 NY2d 424, 427 [1986]), inasmuch as the witness initially gave a statement to the police that was favorable to the People, i.e., identifying defendant as the perpetrator, but the witness later gave a statement to a defense investigator that he could not identify defendant as the perpetrator (see generally People v Vigliotti, 270 AD2d 904, 905 [4th Dept 2000], lv denied 95 NY2d 839 [2000], reconsideration denied 95 NY2d 970 [2000]; People v Congilaro, 159 AD2d 964, 965 [4th Dept 1990]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see generally People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have examined defendant's remaining contentions on appeal and conclude that none warrants reversal or modification of the judgment.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court