People v Celestine (2022 NY Slip Op 04817)

People v Celestine

2022 NY Slip Op 04817

Decided on August 3, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2018-14667
 (Ind. No. 8863/15)

[*1]The People of the State of New York, respondent,
v
Fritz Celestine, appellant.

Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Keith Dolan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered November 18, 2018, convicting him of murder in the second degree (two counts) and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to a law enforcement official.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484; People v Jordan, 201 AD3d 946, 947). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644).
The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to a law enforcement official. "The credibility determinations of a hearing court following a suppression hearing are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record" (Matter of Cromwell S., 154 AD3d 857, 858; see People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). Here, the record supports the court's determination to credit the testimony of a police detective at the suppression hearing. Contrary to the defendant's contention, the detective's testimony was not incredible, patently tailored to overcome constitutional objections, or otherwise unworthy of belief (see Matter of Cromwell S., 154 AD3d at 858; People v Mitchell, 123 AD3d 945, 945; People v Hobson, 111 AD3d 958, 959).
The Supreme Court also properly admitted at trial a statement that the defendant made to a paramedic. The statement was relevant to the issue of the defendant's motive, and its probative value was not substantially outweighed by its potential for undue prejudice (see People v Degree, [*2]186 AD3d 501, 503-504; People v Anderson, 180 AD3d 923, 924, affd 36 NY3d 1109).
The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (see CPL 470.05[2]; People v Sylvestre, 178 AD3d 863, 864). In any event, the contention is without merit. The challenged remarks were either fair comment on the evidence, a fair response to issues raised in defense counsel's summation, or not so egregious as to have deprived the defendant of a fair trial (see People v Williams, 201 AD3d 969, 971; People v Rodriguez, 175 AD3d 721, 722). Moreover, defense counsel was not ineffective for failing to preserve this contention (see People v Lane, 189 AD3d 1265, 1267).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court