People v Bacon (2023 NY Slip Op 05046)

People v Bacon

2023 NY Slip Op 05046

Decided on October 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 05, 2023

Before: Manzanet-Daniels, J.P., Singh,Gesmer, Rodriguez, Rosado, JJ. 

Ind. No. 806/18 Appeal No. 722 Case No. 2019-3512 

[*1]The People of the State of New York, Respondent,
v
Zavearr Bacon, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Patricia Curran of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J.), rendered April 12, 2019, convicting defendant, after a jury trial, of robbery in the third degree and two counts of assault in the third degree, and sentencing him to an aggregate term of 2 to 6 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348 [2007]). The evidence submitted at trial supports the conclusion that defendant struck both complainants, causing them physical injury (see People v Chiddick, 8 NY3d 445, 447 [2007]), and that defendant forcibly took the female complainant's cell phone and smashed it, which demonstrated that defendant possessed an intent to permanently deprive the complainant of her property (see People v Collado, 146 AD3d 708, 708-709 [1st Dept 2017], lv denied, 29 NY3d 996 [2017]; People v Kovzelove, 242 AD2d 477, 477 [1st Dept 1997], lv denied, 91 NY2d 875 [1997]).
Defendant's general arguments concerning the failure of the complainants to testify were directed only to the adequacy and reliability of the People's proof and did not draw the court's attention to any error regarding the admission of the complainants' out-of-court statements. Thus, defendant failed to preserve his argument that the admission of both nontestifying complainants' out-of-court statements violated the Confrontation Clause, and we decline to review the argument in the interest of justice (see People v Murphy, 168 AD3d 632, 634 [1st Dept 2019], lv denied, 33 NY3d 952 [2019]). As an alternative holding, we find no basis for reversal, as the statements at issue were elicited for the primary purpose of addressing the immediately dangerous situation and obtaining prompt assistance for the complainants and therefore were nontestimonial. The responding officers had received a report of an assault in progress minutes before, and the complainants, who were agitated and visibly injured when they made the statements, informed the officers that they had been beaten and that the perpetrators had fled (see Michigan v Bryant, 562 US 344 [2011]; People v Nieves-Andino, 9 NY3d 12, 15-16 [2007]).
The court providently exercised its discretion in denying defendant's challenge for cause with respect to a prospective juror (see CPL 270.20[1][b]; People v Arnold, 96 NY2d 358, 362 [2001]). When the panelist expressed concern for female victims because a close friend of his had been sexually assaulted, the court explained that this case would not involve any allegations of sexual assault, and the panelist's responses,
viewed as a whole, unequivocally established that he could remain impartial under the circumstances (see People v Shulman, 6 NY3d 1, 28 [2005]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2023