Matter of Tyzay P.-B. (2024 NY Slip Op 03825)

Matter of Tyzay P.-B.

2024 NY Slip Op 03825

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-01169
 (Docket No. D-1662-22)

[*1]In the Matter of Tyzay P.-B. (Anonymous), appellant.

Twyla Carter, New York, NY (John A. Newbery of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Deborah A. Brenner and Susan Paulson of counsel), for respondent.

DECISION & ORDER
In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tyzay P.-B. appeals from an order of disposition of the Family Court, Richmond County (Alison M. Hamanjian, J.), dated November 16, 2022. The order of disposition, upon an order of fact-finding of the same court dated October 7, 2022, made upon the admission of Tyzay P.-B., finding that he committed an act which, if committed by an adult, would have constituted the crime of criminal possession of a firearm, adjudicated him a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the denial, after a hearing, of Tyzay P.-B.'s motion to suppress physical evidence.
ORDERED that the appeal from so much of the order of disposition as placed Tyzay P.-B. on probation for a period of 12 months is dismissed as academic, without costs or disbursements, as the period of probation has expired (see Matter of Shermel M., 207 AD3d 468, 468); and it is further,
ORDERED that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.
According to testimony elicited at a suppression hearing in this juvenile delinquency proceeding, the police responded to a ShotSpotter activation indicating the audio detection of gunfire at 37 Cedar Street in Staten Island. Officers testified that they observed the appellant and three others running from the location. One of the officers observed one of the individuals place a fanny pack under his blue "bubble jacket." Two officers saw the male in the blue jacket running while holding his midsection with his hand, which one officer testified could be a sign that the person was carrying a gun. There were no other pedestrians in the area. The group stopped at a stoop in front 115 Wright Street. The male in the blue jacket looked around, spoke on his cell phone, and then ushered the group toward Van Duzer Street. The male in the blue jacket handed a fanny pack to an individual wearing a black jacket. The group then entered a vehicle at the intersection of Van Duzer Street and Wright Street. When the vehicle made an improper lane change, the officers conducted a traffic stop, at which time the appellant began to flee from the backseat of the vehicle. As the arresting officer performed a "guided take-down" of the appellant, he felt a heavy object on the appellant's person. The arresting officer conducted a pat down of the appellant and felt a heavy, L-shaped object with a trigger area, which he believed to be a gun. The arresting officer thereupon [*2]searched the appellant and found a loaded gun in a fanny pack underneath the appellant's black jacket. The appellant was arrested and charged with committing acts which, if committed by an adult, would have constituted the crimes of, inter alia, criminal possession of a firearm.
The appellant moved to suppress physical evidence. Following the suppression hearing, the Family Court denied the appellant's motion to suppress physical evidence. The appellant then admitted to committing an act which, if committed by an adult, would have constituted the crime of criminal possession of a firearm. The court thereupon adjudicated the appellant a juvenile delinquent and placed him on probation for a period of 12 months.
Contrary to the appellant's contention, the Family Court properly denied his motion to suppress physical evidence. The totality of the circumstances established that the arresting officer had reasonable suspicion to forcibly stop the appellant (see People v De Bour, 40 NY2d 210, 223; People v Pope, 194 AD3d 449, 450; Matter of Lavon S., 153 AD3d 526, 527). Moreover, the presentment agency further established that the arresting officer had a reasonable suspicion that the appellant was armed and, thus, properly frisked the appellant, whereupon a loaded handgun was recovered (see CPL 140.50[3]; Terry v Ohio, 392 US 1, 29-30; People v Batista, 88 NY2d 650, 654; People v De Bour, 40 NY2d at 223; Matter of Shariff H., 123 AD3d 714, 717). The credibility determinations of the hearing court following a suppression hearing are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Wheeler, 2 NY3d 370, 374; People v Prochilo, 41 NY2d 759, 761; Matter of Cromwell S., 154 AD3d 857, 858). Moreover, any inconsistencies in the three officers' testimony were minor and did not render their testimony incredible or unreliable (see Matter of Cromwell S., 154 AD3d at 858; People v Blake, 123 AD3d 838, 839). Furthermore, the officers' testimony was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory (see Matter of Cromwell S., 154 AD3d at 858; People v Blake, 123 AD3d at 839).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court