■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WYNTER, Appellant. [849 NYS2d 797]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered March 22, 2005, convicting him of robbery in the first degree (two counts), robbery in the second degree (two counts), burglary in the first degree, attempted escape in the first degree, criminal possession of stolen property in the fifth degree, and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his lineup identification.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence obtained from his home and the lineup identification. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Jenneman,* 37 AD3d 736, 737 [2007]; *see People v Cristobal,* 136 AD2d 558 [1988]). The record supports the hearing court's determination to credit the testimony of the police witness, which established that the defendant's mother voluntarily consented to the search of the defendant's home that he shared with her (*see People v Gonzalez,* 39 NY2d 122 [1976]) and that the lineup identification procedure was not improperly conducted.

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.