■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant. [873 NYS2d 128]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered December 8, 2006, convicting him of murder in the second degree, gang assault in the first degree, criminal possession of a weapon in the second degree, reckless endangerment in the second degree, attempted assault in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence, viewed in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), was legally sufficient to establish the defendant's guilt of each crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on each count was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's contention that identification testimony should have been suppressed because the lineup in which he participated was unduly suggestive is without merit. Although the defendant was the only participant in the lineup wearing shackles around his ankles, the hearing court credited the testimony of the witnesses who identified the defendant in the lineup that they could not see below the participants' waists, and thus did not see the shackles. The credibility determina-

tions of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Wynter*, 48 AD3d 492 [2008]). On this record, there is no basis to disturb the hearing court's determination.

The defendant's contention that certain comments made by the prosecutor deprived him of a fair trial is unpreserved for appellate review (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Osorio*, 49 AD3d 562, 563-564 [2008]; *People v Outler*, 118 AD2d 819, 820 [1986]) and, in any event, is without merit (*see People v Holland*, 45 AD3d 863, 863-864 [2007]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Spolzino, McCarthy and Leventhal, JJ., concur.