■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ESTEBAN MACUIL, Appellant. [888 NYS2d 764]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered January 12, 2006, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial because the trial court permitted the People's forensic pathology expert to opine on matters outside of her area of expertise and give an opinion that lacked an adequate factual basis (*see People v Arroyo*, 59 AD3d 634 [2009]). In any event, this contention is without merit, as the testimony was properly admitted (*see People v Kinitsky*, 166 AD2d 456, 457 [1990]).

The defendant's contention that the Supreme Court erred in curtailing defense counsel's cross-examination of the People's firearms analysis expert is also unpreserved for appellate review (*see People v Charleston*, 56 NY2d 886 [1982]; *People v Marino*, 21 AD3d 430 [2005]). In any event, the nature and extent of cross-examination is subject to the sound discretion of the trial judge and, here, the cross-examination was not improperly curtailed or restricted (*see People v Schwartzman*, 24 NY2d 241 [1969]; *People v Martin*, 33 AD3d 1024 [2006]).

Although the defendant contends that remarks made by the prosecutor during summation were unfairly prejudicial and

deprived him of a fair trial, he failed to make sufficiently specific objections to the remarks, failed to request curative instructions, and did not move for a mistrial. Therefore, the objections are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Tonge*, 93 NY2d 838, 840 [1999]). In any event, the challenged remarks were "fair comment on the evidence, permissible rhetorical comment, or responsive to the defense counsel's summation" and were not improper (*People v Gillespie*, 36 AD3d 626, 627 [2007]; *see People v Swinton*, 21 AD3d 1039 [2005]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Robbins*, 48 AD3d 711 [2008]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 86 [1982]). Mastro, J.P., Belen, Hall and Austin, JJ., concur.