■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. MORAN, Appellant. [891 NYS2d 109]—

The County Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Jackson*, 65 AD3d 1164 [2009]).

The record supports the County Court's determination that the defendant consented to the police entry to his residence (*see People v Love*, 273 AD2d 842 [2000]). Indeed, the defendant called the police for assistance following an alleged attempted robbery or burglary at his residence. According to the police officer who responded to the defendant's residence to investigate this alleged incident, the defendant "led" the police into the kitchen and living room. While lawfully present in the kitchen and living room, the officer detected an "extremely strong odor of marijuana" and observed marijuana in "plain view" (*see People v Brown*, 96 NY2d 80, 88-89 [2001]; *see also Horton v California*, 496 US 128, 136-137 [1990]).

Moreover, contrary to the defendant's contention, the seizure of certain physical evidence did not constitute "fruit of the poisonous tree" (*Wong Sun v United States*, 371 US 471, 488 [1963] [internal quotation marks omitted]; *see People v Day*, 8 AD3d 495, 496 [2004]).

The defendant's remaining contentions are without merit. Dillon, J.P., Florio, Miller and Angiolillo, JJ., concur.