■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MUNIR POCESTA, Appellant. [895 NYS2d 871]—Appeals by the defendant from two judgments of the Supreme Court, Richmond County (Rooney, J.), both rendered February 6, 2008, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under indictment No. 379/06, upon a jury verdict, and conspiracy in the second degree under indictment No. 85/07, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant's claims of prosecutorial misconduct are unpreserved for appellate review, as he failed to object to many of the allegedly improper comments, made only general objections as to others, and did not request further curative instructions or move for a mistrial after the court sustained an objection and issued a curative instruction (*see* CPL 470.05 [2]; *People v Mitchell*, 68 AD3d 784 [2009]; *People v Clarke*, 65 AD3d 1055, 1056 [2009]; *People v Salnave*, 41 AD3d 872, 874 [2007]; *People v Wright*, 40 AD3d 1021 [2007]). In any event, there is no merit to the defendant's contention that he was deprived of a fair trial because the prosecutor made improper remarks during his summation. The challenged remarks were either permissible rhetorical comment (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Macuil*, 67 AD3d 1025, 1026 [2009]), fair response to the arguments and issues raised by the defense (*see People v Halm*, 81

NY2d 819, 821 [1993]), fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), cured by the trial court's charge to the jury to which the defendant did not object (*see People v Edwards*, 63 AD3d 855 [2009]; *People v Wilson*, 50 AD3d 711, 712 [2008]), or, if improper, were not so egregious as to deprive the defendant of a fair trial (*see People v Roopchand*, 107 AD2d 35, 36-37 [1985], *affd* 65 NY2d 837 [1985]; *People v Wright*, 62 AD3d 916, 917-918 [2009]). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.