■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMARE INGE, Appellant. [933 NYS2d 879]—

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress physical evidence because the testimony of the arresting officer at the pretrial suppression hearing was incredible and patently tailored to overcome constitutional objections. However, this contention is unpreserved for appellate review, as the defendant failed to raise this specific claim before the hearing court (*see* CPL 470.05 [2]; *People v Rivera*, 27 AD3d 489, 490 [2006]). In any event, the defendant's contention is without merit. " 'The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record' " (*People v Moran*, 68 AD3d 786, 787 [2009], quoting *People v Martinez*, 58 AD3d 870, 870-871 [2009]). The evidence established that the police had probable cause to arrest the defendant, and the seizure of cocaine from his pocket was legal as arising from a search incident to a lawful arrest (*see People v Parker*, 306 AD2d 543 [2003]; *People v Cooper*, 241 AD2d 553, 554 [1997]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.