■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMELL TAYLOR, Appellant. [990 NYS2d 635]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered April 17, 2012, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court improperly denied that branch of his omnibus motion which was to suppress physical evidence because the testimony of the arresting officer at the pretrial suppression hearing was incredible and patently tailored to overcome constitutional objections. However, this contention is unpreserved for appellate review, as the defendant failed to raise this specific claim before the hearing court (*see* CPL 470.05 [2]; *People v Inge*, 90 AD3d 675, 676 [2011]; *People v Rivera*, 27 AD3d 489, 490 [2006]). In any event, the defendant's contention is without merit. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Inge*, 90 AD3d at 676; *see People v Moran*, 68 AD3d 786, 787 [2009]; *People v Martinez*, 58 AD3d 870, 870-871 [2009]). As the arresting officer testified that he saw a gun in plain view in the defendant's waistband, the officer had probable cause to arrest him (*see People v Madrid*, 52 AD3d 530, 531 [2008]; *People v Haynes*, 16 AD3d 434, 435 [2005]). On appeal, the defendant asserts no independent ground for the suppression of his statements to law enforcement officials. Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress both physical evidence and his statements to law enforcement officials.

The defendant's claim that prosecutorial misconduct deprived him of a fair trial is unpreserved for appellate review, as he failed to object to most of the allegedly improper summation comments, and made only general objections as to others (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). A general objection to a remark made during a summation is insufficient to preserve a claim for appellate review; a party must specify a basis for the objection (*see People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Tevaha*, 84 NY2d 879, 881 [1994]). In any event, the contention is without merit. The challenged remarks were either permissible rhetorical comment (*see People*

*v Galloway*, 54 NY2d 396 [1981]; *People v Macuil*, 67 AD3d 1025, 1026 [2009]), fair response to the arguments and issues raised by the defense (*see People v Halm*, 81 NY2d 819, 821 [1993]), fair comment on the evidence (*see People v Ashwal*, 39 NY2d 105, 109 [1976]), cured by the trial court's charge to the jury, to which the defendant did not object (*see People v Pocesta*, 71 AD3d 920 [2010]), or, if improper, were not so egregious as to deprive the defendant of a fair trial (*see People v Persaud*, 98 AD3d 527, 529 [2012]; *People v Pocesta*, 71 AD3d at 921).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.