THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUSTAVO ARROYO, Appellant. [16 NYS3d 769]—Appeal by the de-

fendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered December 11, 2013, convicting him of robbery in the first degree (four counts), robbery in the second degree (four counts), burglary in the first degree (four counts), burglary in the second degree, criminal possession of a weapon in the fourth degree, unlawful imprisonment in the second degree (three counts), attempted unlawful imprisonment in the second degree, assault in the second degree (two counts), resisting arrest, and escape in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the trial court erred in curtailing defense counsel's cross-examination of one of the complainants (*see People v Macuil*, 67 AD3d 1025 [2009]). In any event, the nature and extent of cross-examination is subject to the sound discretion of the trial court and, here, the cross-examination was not improvidently curtailed or restricted (*see People v Stevens*, 45 AD3d 610, 611 [2007]).

The defendant's contention that the trial court should have given an instruction as to the limited probative value of evidence of flight as evidence of consciousness of guilt is unpreserved for appellate review, since the defendant never requested such an instruction at trial (*see* CPL 470.05 [2]; *People v Baxter*, 102 AD3d 805 [2013]; *People v Hilton*, 210 AD2d 180 [1994]; *People v Singleton*, 121 AD2d 752 [1986]). In any event, to the extent that the failure to give such an instruction may be considered error, it was harmless, in light of the overwhelming evidence of the defendant's guilt, and the fact that there is no reasonable probability that but for the failure to give that instruction, the jury would have acquitted the defendant (*see People v Brody*, 82 AD3d 784, 785 [2011]).

On this record, it cannot be said that the defendant was deprived of the effective assistance of counsel (*see People v Jenkins*, 103 AD3d 753 [2013]; *People v Hill*, 82 AD3d 1715 [2011]). Among other things, it appears that defense counsel's failure to request an instruction regarding flight as evidence of consciousness of guilt was a valid tactical decision to avoid unnecessarily focusing the attention of the jury on the defendant's flight from the police (*see People v Hill*, 82 AD3d at 1716).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Leventhal, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.