People v Robertson (2019 NY Slip Op 03998)





People v Robertson


2019 NY Slip Op 03998


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2017-05534
 (Ind. No. 2130/16)

[*1]The People of the State of New York, respondent,
v
Erick Robertson, appellant.


Paul Skip Laisure, New York, NY (Sean Nuttall of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Mariana Zelig of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leslie G. Leach, J.), rendered April 19, 2017, convicting him of robbery in the second degree, grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the People failed to present legally sufficient evidence to sustain his conviction of robbery in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Gray, 86 NY2d 10, 19). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to lay a proper foundation for the admission into evidence of prior inconsistent statements made by the complainant. Thus, we agree with the Supreme Court's refusal to allow the defendant to introduce those statements into evidence (see People v Duncan, 46 NY2d 74, 80-81; People v Sawyer, 304 AD2d 775, 776; People v Sutton, 209 AD2d 456, 457).
The Supreme Court should not have allowed the People to recall the arresting officer to testify that he was informed that fingerprints taken from the defendant, Erick Robertson, matched an "NYSID" number already in the New York State database for an Eric Robinson. The officer was permitted to repeat the number to the jury. The People then utilized the officer's testimony to link the defendant to certificates of disposition demonstrating that Eric Robinson had been twice convicted of criminal possession of stolen property, which the court allowed into evidence in its [*2]Molineux ruling (see People v Molineux, 168 NY 264). This evidence was inadmissible hearsay, as the source of the information did not testify at trial, and thus was not subject to cross-examination (see People v Oliver, 92 AD3d 900). However, this error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his convictions (see People v Grant, 7 NY3d 421, 423; People v Crimmins, 36 NY2d 230).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are partially unpreserved for appellate review (see CPL 470.05[2]; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177). In any event, the challenged remarks were fair response to the arguments and issues raised by the defense (see People v Halm, 81 NY2d 819, 821), were fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), or, if improper, were not so egregious as to deprive the defendant of a fair trial (see People v Persaud, 98 AD3d 527, 529; People v Pocesta, 71 AD3d 920).
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court