People v Saalfield (2020 NY Slip Op 03806)





People v Saalfield


2020 NY Slip Op 03806


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-11542
 (Ind. No. 2515/14)

[*1]The People of the State of New York, respondent,
v
Adam Saalfield, appellant.


Laurette D. Mulry, Riverhead, NY (Edward E. Smith of counsel), for appellant, and appellant pro se.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato and Nicole Gallo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John B. Collins, J.), rendered September 23, 2016, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish beyond a reasonable doubt the defendant's guilt of murder in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (see CPL 470.05[2]; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177; People v Pocesta, 71 AD3d 920). In any event, the challenged remarks were either permissible rhetorical comment (see People v Galloway, 54 NY2d 396; People v Macuil, 67 AD3d 1025, 1026), fair response to the arguments and issues raised by the defense (see People v Halm, 81 NY2d 819, 821), fair comment on the evidence (see People v Ashwal, 39 NY2d 105, 109), cured by the County Court's charge and instructions to the jury, to which the defendant did not object (see People v Pocesta, 71 AD3d 920), or, if improper, were not so egregious as to deprive the defendant of a fair trial (see People v Persaud, 98 AD3d 527, 529; People v Pocesta, 71 AD3d at 921).
The record supports the County Court's determination to deny the defendant's request to charge the jury on manslaughter in the first degree as a lesser included offense of murder in the second degree. Given the nature and brutality of the slaying, there was no reasonable view of the evidence that the defendant intended only to inflict serious physical injury rather than death (see CPL [*2]300.50[1], [2]; People v Butler, 84 NY2d 627, 634; People v Crawford, 163 AD3d 986, 988; People v Gonzalez-Alvarez, 129 AD3d 647, 648; People v Collins, 290 AD2d 457, 458).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court