People v Mohabir (2021 NY Slip Op 01789)





People v Mohabir


2021 NY Slip Op 01789


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2013-11120
 (Ind. No. 1633/11)

[*1]The People of the State of New York, respondent,
v
Compton Mohabir, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph N. Ferdenzi, Merri Turk Lasky, and Sharon Brodt of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered November 12, 2013, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence upon his adjudication as a second felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing in accordance herewith.
The defendant's contentions regarding prosecutorial misconduct during the opening statement and summation are, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Saalfied, 185 AD3d 723, 723; People v Fletcher, 130 AD3d 1063, 1065, affd 27 NY3d 1177). In any event, the challenged remarks do not warrant reversal, as they were either fair response to the arguments and issues raised by the defense (see People v Bynum, 171 AD3d 1204, 1205; People Sykes, 151 AD2d 523; People v Chavez, 207 AD2d 705, 705-706), fair comment on the evidence and the inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105), cured by the Supreme Court's charge to the jury, to which defense counsel did not object (see People v Pocesta, 71 AD3d 920, 921), or not so pervasive or egregious, either individually or cumulatively, as to deprive the defendant of a fair trial (see People v Brown, 172 AD3d 1399, 1399). Moreover, any other error in this regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that any error contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242).
The defendant's contention that he received ineffective assistance of counsel at trial is without merit (see People v Wragg, 26 NY3d 403, 409; People v Grace, 179 AD3d 1092, 1093; People v Arroyo, 131 AD3d 1257, 1258; People v Robles, 116 AD3d 1071, 1071). The record reveals that defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Alphonso, 144 AD3d 1168, 1169).
As the People correctly concede, the defendant's federal conviction of conspiracy to [*2]deal in firearms under section 371 of title 18 of the United States Code is not a "predicate felony conviction" (Penal Law § 70.06[1][a], [b]), because the federal conspiracy statute contains different elements than its equivalent in New York such that it is possible to violate the federal statute without engaging in conduct that is a felony in New York (see People v Yusuf, 19 NY3d 314, 321; People v Donnelly, 89 AD2d 872, 873-874). Accordingly, we modify the judgment by vacating the defendant's adjudication as a second felony offender and the sentence imposed thereon, and we remit the matter to the Supreme Court, Queens County, for resentencing.
The defendant's remaining contention has been rendered academic in light of our determination.
AUSTIN, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court