People v Brown (2021 NY Slip Op 02307)





People v Brown


2021 NY Slip Op 02307


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08574
 (Ind. No. 19-00052)

[*1]The People of the State of New York, respondent,
v
Brandon Joel Brown, appellant.


Philip H. Schnabel, Chester, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Edward D. Saslaw of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig S. Brown, J.), rendered June 17, 2019, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not demonstrate that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 264). The County Court mischaracterized the nature of the right to appeal by incorrectly describing the scope of appellate review, as it stated that the defendant's sentence and conviction would be final (see People v Thomas, 34 NY3d 545, 563-566). Accordingly, the purported waiver does not preclude appellate review of the defendant's present contentions.
The defendant's challenges to the validity of his plea of guilty are unpreserved for appellate review as he failed to move to withdraw his plea on these grounds before the County Court (see CPL 470.05[2]; People v Perez, 160 AD3d 901, 901). In any event, the record as a whole affirmatively demonstrates that the defendant entered his plea of guilty knowingly, voluntarily, and intelligently (see People v Perez, 160 AD3d at 901; People v Thomas, 150 AD3d 770, 770-771).
The defendant waived his contentions that the People failed to notify him before the case was presented to the grand jury and that he was denied the right to testify before the grand jury by failing to move to dismiss the indictment on these grounds within five days after arraignment thereon (see CPL 190.50[5][c]; People v Reeves, 180 AD3d 936, 938; People v McTerrell, 174 AD3d 648, 649).
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court