People v Baggett (2022 NY Slip Op 00872)





People v Baggett


2022 NY Slip Op 00872


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2018-10517
 (Ind. No. 31/18)

[*1]The People of the State of New York, respondent,
v
Tawan Baggett, appellant.


D.J. & J.A. Cirando, PLLC, Syracuse, NY (John A. Cirando and Rebecca L. Konst of counsel), for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered August 29, 2018, convicting him of criminal sale of a controlled substance in the third degree (six counts) and criminal possession of a controlled substance in the third degree (six counts), upon a jury verdict, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a determinate term of seven years of imprisonment followed by three years of postrelease supervision on each count, with the sentences imposed upon counts 1, 3, and 5 to run consecutively to each other and concurrently with the sentences imposed on the remaining counts.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by directing that all sentences run concurrently with each other; as so modified, the judgment is affirmed.
The defendant allegedly sold heroin to an undercover police officer on six occasions in 2017. At trial, the defendant testified in his own defense. Pursuant to defense counsel's request, the County Court instructed the jury on the defense of agency.
Contrary to the defendant's contention, the County Court providently exercised its discretion in denying his counsel's request for an adjournment (see People v Cooper, 192 AD3d 823, 823-824). Defense counsel had sufficient opportunity following his assignment to confer with the defendant and prepare a defense; therefore, the defendant was not prejudiced by the court's denial of counsel's request (see People v Nelson, 189 AD3d 1080, 1081; People v Newton, 149 AD3d 874, 874).
The defendant's contention that the People failed to disprove the defense of agency beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05[2]; People v Best, 295 AD2d 441, 441; People v Nieves, 214 AD2d 590, 590). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), it was legally sufficient to disprove the defendant's claim that he was acting as an agent of the undercover officer [*2]in the narcotics transactions (see People v Lam Lek Chong, 45 NY2d 64, 74-75; People v Best, 295 AD2d at 441; People v Ricks, 183 AD2d 924, 924). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to all counts was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that there was no evidence presented at trial that the drugs sold during one of the transactions were ever tested for the presence of controlled substances is improperly raised for the first time in his reply brief to this Court (see People v Ford, 69 NY2d 775, 777).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention that he was denied a fair trial as a result of prosecutorial misconduct that occurred during the prosecutor's opening statement, cross-examination of the defendant, and on summation is unpreserved for appellant review (see CPL 470.05[2]; People v Robinson, 187 AD3d 1216). In any event, the contention is without merit. Although we agree with the defendant that the prosecutor should not have said, in her opening statement, that the defendant "liv[ed] off the misery of his customers," since the only "customer" in this case was an undercover police officer, that isolated comment was not so egregious as to require reversal (see People v Mohabir, 192 AD3d 1047, 1047-1048; People v Evans, 78 AD3d 1074, 1074).
The sentence imposed was excessive to the extent indicated (see People v Suitte, 90 AD2d 80).
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court