People v Merriman (2023 NY Slip Op 00335)

People v Merriman

2023 NY Slip Op 00335

Decided on January 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2019-00949
 (Ind. No. 1768/16)

[*1]The People of the State of New York, respondent,
v
Gerry Merriman, appellant.

Konta Georges & Bruza, P.C., New York, NY (Robert W. Georges of counsel), for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Jason R. Richards of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robert A. McDonald, J.), rendered December 14, 2018, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly precluded defense counsel from questioning the complainant about a prior allegation of sexual misconduct made by the complainant. The defendant failed to make a showing that the prior allegation bore a significant probative relation to the crimes charged against him (see CPL 60.42[5]; People v Mandel, 48 NY2d 952, 953; People v Piedra, 87 AD3d 706, 706). The court also did not otherwise err in limiting the scope of cross-examination (see People v Corby, 6 NY3d 231, 234).
The defendant contends that the prosecutor engaged in misconduct by proffering false testimony (see People v Colon, 13 NY3d 343, 349). However, the record does not demonstrate that the People proffered false testimony.
The defendant's contention that certain records should have been admitted into evidence at trial is without merit.
The defendant's remaining contentions are improperly raised for the first time in his reply brief (see People v Baker, 205 AD3d 815, 818; People v Baggett, 202 AD3d 812, 813).
CONNOLLY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court