People v Brown (2023 NY Slip Op 03015)

People v Brown

2023 NY Slip Op 03015

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JANICE A. TAYLOR, JJ.

2021-04453
 (Ind. No. 1584/19)

[*1]The People of the State of New York, respondent, 
v
Michael Brown, appellant. Bruce R. Bekritsky, Carle Place, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), rendered June 7, 2021, convicting him of aggravated criminal contempt and aggravated family offense, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant has waived his contentions that the indictment should be dismissed on the ground that he was not permitted to testify before the grand jury and that his right to a speedy trial under CPL 30.30 was violated (see People v Brown, 193 AD3d 875, 876; People v Mandes, 168 AD3d 764, 765). The defendant failed to file, within five days of his arraignment, a written motion to dismiss the indictment on the ground that he was not permitted to testify before the grand jury (see CPL 190.50[5][c], 210.20[1][c], 210.45[1]; People v Brown, 193 AD3d at 876). In any event, the issue is without merit (see People v Hogan, 26 NY3d 779, 786). The defendant also failed to file, "prior to the commencement of trial," a written motion to dismiss the indictment on the ground that his right to a speedy trial had been violated (CPL 210.20[1][g], [2]; see CPL 210.45[1]; People v Lawrence, 64 NY2d 200, 203; People v Mandes, 168 AD3d at 765).
The defendant's contention that counts 9 and 10 of the indictment were multiplicitous is academic, as the jury found the defendant not guilty of count 9 (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; People v Williams, 214 AD3d 828, 829; People v Smith, 113 AD2d 905, 907-08).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is improperly raised for the first time in his [*2]reply brief (see People v Merriman, 212 AD3d 845, 845).
DILLON, J.P., IANNACCI, MILLER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court