People v Alexander (2026 NY Slip Op 01207)

People v Alexander

2026 NY Slip Op 01207

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-05986
 (Ind. No. 70300/22)

[*1]The People of the State of New York, respondent,
vAnthony Alexander, appellant.

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Alfred Croce and Marion Tang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Steven A. Pilewski, J.), rendered June 1, 2023, convicting him of criminal possession of a controlled substance in the third degree (three counts), criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree (two counts), upon a jury verdict, and sentencing him, as a second felony offender, to determinate terms of imprisonment of eight years, to be followed by three years of postrelease supervision, on each conviction under counts 1, 2, 3, 4, and 5, and determinate terms of imprisonment of four years, to be followed by two years of postrelease supervision, on each conviction under counts 7 and 9, with the sentences imposed upon counts 1, 2, 5, 7, and 9 to run concurrently with each other, and with the sentences imposed upon counts 3 and 4 to run concurrently with each other and consecutively to the sentences imposed upon counts 1, 2, 5, 7, and 9.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentences imposed upon counts 3 and 4 shall run concurrently with the sentences imposed upon counts 1, 2, 5, 7, and 9; as so modified, the judgment is affirmed.
Following a jury trial, the defendant was convicted of two counts of criminal sale of a controlled substance in the third degree, three counts of criminal possession of a controlled substance in the third degree, and two counts of criminal possession of a controlled substance in the fifth degree. He was sentenced, as a second felony offender, to an aggregate term of imprisonment of 16 years, to be followed by 3 years of postrelease supervision.
The defendant's contention that the County Court erred in limiting disclosure of Internal Affairs Bureau investigation files to those with substantiated or unsubstantiated allegations is partially unpreserved for appellate review (see CPL 470.05[2]). In any event, the court properly determined that any such files with exonerated or unfounded allegations were not subject to automatic disclosure (see id. § 245.20[1][k][iv]; People v Fuentes, ____ NY3d ____, ____, 2025 NY Slip Op 05872, *3-*4; People v Macaluso, 230 AD3d 1158, 1160).
The defendant's contention that counts 1 and 3 of the indictment, charging him with criminal possession of a controlled substance in the third degree, should have been dismissed upon his conviction of counts 2 and 4, criminal sale of a controlled substance in the third degree, is without merit. Criminal possession of a controlled substance in the third degree is not a lesser [*2]included offense of the crime of criminal sale of a controlled substance in the third degree (see CPL 300.40[3][a]; People v Evans, 240 AD3d 709, 711).
The defendant's contention that his convictions were not supported by legally sufficient evidence is unpreserved for appellate review with respect to counts 1 through 4 of the indictment (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt as to each of the counts for which he was convicted (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, a review of the record shows that the defendant was afforded the effective assistance of counsel (see Strickland v Washington, 466 US 668, 687-694; People v Staley, 239 AD3d 893, 896).
The sentence imposed was excessive to the extent indicated herein (see People v Brisman, 43 NY3d 322, 324; People v Baggett, 202 AD3d 812, 813).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court